UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CAROL HERAS, LISSETTE FIGUEROA,
VIVIANA BOTERO, and KATHERINE         INDEX NO: 12 CV 6138 (ERK) (VVP)
MONSALVE, on behalf of themselves and
other similarly situated,

                           Plaintiff,

     v.

OTG MANAGEMENT, INC., OTG
MANAGEMENT T8 LLC, LAGUARDIA
USA LLC, and ERIC BLATSTEIN,

                           Defendants.
-------------------------------------------------------------x

## [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having considered Plaintiffs' Motion for Final Approval, the supporting memorandum of law and the Declaration of Denise A. Schulman and exhibits thereto, the oral arguments presented at the September 22, 2015 Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:

        1.     This Order incorporates by reference the definitions in the parties' Settlement Agreement and Release (the "Settlement Agreement") dated July 24, 2014, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

        2.     This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a

1

product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

3. The Court certifies the Fed. R. Civ. P. 23 Class (the "Class") for settlement purposes. For the purposes of settlement, the Court finds that the Class meets the requirements for class certification under Fed. R. Civ. P. 23(b)(3).

4. The Court certifies Plaintiffs' counsel as Class Counsel, and the named Plaintiffs as Class Representatives as described in the Settlement Agreement.

5. Defendants must remit the Settlement Payment to the Claims Administrator no later than 14 days after the date of this Order.

6. The $500,000.00 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the Settlement was fairly and honestly negotiated. It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

7. The Parties' judgment that the Settlement is fair, reasonable and adequate, as well as the Class's favorable response to the Settlement, weigh in favor of final approval of the Settlement.

8. The Settlement Agreement shall be effective thirty (30) days after entry of this Order if no appeal is taken of this Order. If an appeal is taken of this Order, the Settlement Agreement shall be effective upon the entry of a final order and judgment following the resolution of all appeals.

9. The Court awards Class Counsel one-third of the total settlement amount, or $166,666.66, as attorneys' fees to be paid from the Settlement Fund.

10. The Court awards Class Counsel $6,167.75 for costs and expenses incurred in this Lawsuit to be paid from the Settlement Fund.

11. The Court awards the Claims Administrator its reasonable costs in administering the Settlement, subject to Class Counsel's review of the Claims Administrator's invoices, to be paid out of the Settlement Fund.

12. The Court approves Service Awards of $5,000 each to Plaintiffs Carol Heras, Lissette Figueroa, Viviana Botero, and Katerin Monsalve and $1,500 each Opt-In Plaintiffs Fai Lam, Julissa Jose, Lashanta Holton, Carlos Meneses, and Beckie Uwadiae to be paid from the Settlement Payment. The Service Awards are reasonable in light of the efforts the Plaintiffs and Opt-In Plaintiffs expended in furthering the interests of the Class.

13. The entire Lawsuit is dismissed with prejudice and without costs to any party. All Class Members, except those individuals who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims.

14. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

15. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

Dated: September 22, 2015  
~~New York~~, New York  
Brooklyn

s/vvp

_____  
Hon. Viktor V. Pohorelsky  
United States Magistrate Judge

4